No. 21597.

JOE BACCA *v.* BOSTON INSURANCE COMPANY.

(431 P.2d 861)

Decided September 25, 1967.

CARMEL A. GARLUTZO, for plaintiff in error.

SHELDON and NORDMARK, DANIEL H. POLSBY, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Bacca, was injured in an automobile accident in October 1959. In an action filed by him against Adolph and Valentine Maschio he recovered a judgment in the sum of $3,438.67, plus interest, to compensate him for damages sustained in the accident. This judgment has never been satisfied.

Bacca demanded payment of the Boston Insurance Company which had issued a policy of insurance to the Maschios, protecting them against claims by third persons grounded upon their negligence in the operation of motor vehicles owned by them. They owned the vehicle involved in the accident which caused Bacca's injuries and Adolph Maschio was driving it at the time. Bacca was a passenger in the car and was on his way to work in a coal mine where he was employed by the Maschios. The insurance company denied liability on the ground that under an "exclusion" provision the accident was not within the coverage of the insurance policy.

The pertinent language of the policy is as follows: "This policy does not apply: * * *

"(d) Under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefore are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

Bacca contends that at the time of the accident he was not in the employment of the Maschios and that his "employment" did not begin until he arrived at the mine.

The trial court made findings which included the following:

"The Court further finds that the 'exclusions' referred to herein are not ambiguous and therefore do not require

a strict construction against the insurance company which prepared the contract of insurance. The Court also finds that the transportation furnished Bacca by his employers was not a matter of accommodation or gratuity but was an incident of the employment and the remuneration to Bacca was a specified sum per diem 'plus transportation.' It is the Court's further finding and conclusion that sub-section (d) of the exclusion provisions in the insurance contract exempts the insurance company from liability, because at the time the injuries were incurred, Joe Bacca was an employee of the insured, Machios and the injuries arose out of and in the course of the employment within the meaning of the exclusion clause.

"THEREFORE, IT IS ORDERED AND ADJUDGED that this action be dismissed with prejudice at the cost of the plaintiff."

Judgment entered accordingly.

We have read the full record and find ample evidence therein to sustain the above quoted findings.

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.